IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ISAAC MONTAGUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 13-1969-GMS |
| ) | |
| MCPL. SHERWOOD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, Isaac Montague ("Montague"), a pretrial detainee inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The case was closed after Montague failed to submit his authorization form. The form was submitted, and the court will reopen the case. The court now proceeds to screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Montague alleges that, on August 10, 2013, he went to 516 River Road after a shooting occurred in his neighborhood. Montague was sweating because it was hot. The defendant Mcpl. Sherwood ("Sherwood") shined his flashlight in Montague's face and asked for Montague's I.D. Montague gave Sherwood his I.D. Next, Sherwood cuffed Montague, and placed him under arrest without saying that he was under arrest. Montague alleges that he was arrested without probable cause

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An affidavit written by the defendant detective Jeffrey Gott ("Gott") states that Sherwood arrested Montague because he was "sweating badly and looking very nervous." Montague was taken into custody. He alleges that Gott charged him with assault without identifying him as partaking in any crime.

The defendant Delaware State News ("State News") published an article stating that Montague was chased, along with others, inside 516 River Road. Montague alleges "defamement of character" by State News. He seeks compensatory damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Montague proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal

2

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Montague leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed.

3

R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Unlawful Arrest

Plaintiff alleges that he was arrested without probable cause. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."[2] *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994). Public records indicate that the criminal charges against Montague remain pending.

Because Montague's claim of an arrest without probable cause may imply that his potential conviction on his pending criminal charges is invalid, the claim must be stayed pending resolution of those charges. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). The court will stay this case with respect to the unlawful arrest warrant claims, and will defer reaching the merits of the claims and the threshold question of whether such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994),[3] until the disposition of plaintiff's pending criminal charges in State Court.

---

[2] "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

[3] In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.

4

### B. Defamation

Montague raises a supplemental State claim of defamation against State News. Under Delaware law, generally, the elements of defamation are: (1) a defamatory communication; (2) publication; (3) the communication refers to the plaintiff (4) a third party's understanding of the communication's defamatory character and (5) injury. *Bickling v. Kent Gen. Hosp., Inc.*, 872 F. Supp. 1299, 1307 (D. Del. 1994).

Here, Montague alleges that State News defamed him when it published an article that he was chased, with others, inside 516 River Road. Notably, Montague does not deny that he was at the 516 River Road address. Liberally construing the complaint and drawing on its judicial experience and common sense, the court determines that the defamation claim is frivolous. Montague has failed to state a plausible claim for relief. Therefore, the court will dismiss the defamation claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### IV. CONCLUSION

For the above reasons, the claim against State News will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The wrongful arrest claim will be stayed until resolution of the criminal charges pending against plaintiff in State Court.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

March 25, 2014
Wilmington, Delaware

5