IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ISAAC MONTAGUE, )
)
Plaintiff, )
)
v. ) Civ. No. 13-1969-GMS
)
MCPL. SHERWOOD, et al., )
)
Defendants. )

**MEMORANDUM**

The plaintiff, Isaac Montague ("Montague"), was a pretrial detainee at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, when he filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The complaint was screened, Delaware State News was dismissed as a defendant, and the case stayed pending the disposition of Montague's criminal case. (*See* D.I. 8, 9.) Montague advises that he entered into a plea agreement and that the criminal case is over. (D.I. 19.) The court now proceeds to screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Montague alleges that on August 10, 2013, he went to 516 River Road after a shooting occurred in his neighborhood. Montague was sweating because it was hot. The defendant Mcpl. Sherwood ("Sherwood") shone his flashlight in Montague's face and asked for Montague's I.D.

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Montague gave Sherwood his I.D. Next, Sherwood cuffed Montague, and placed him under arrest without saying that he was under arrest. Montague alleges that he was arrested without probable cause.

An affidavit written by the defendant detective Jeffrey Gott ("Gott") states that Sherwood arrested Montague because he was "sweating badly and looking very nervous." Montague was taken into custody. He alleges that Gott charged him with assault without identifying him as partaking in any crime. Montague entered into a plea agreement for possession of firearm ammunition by a person prohibited. The disposition of other charges as a result of the August 10, 2013 arrest is unknown. Montague seeks compensatory damages.

**II. STANDARD OF REVIEW**

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Montague proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Montague leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See *Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps:

"(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. DISCUSSION**

Montague raises false arrest claims. Because the success of such claims may not necessarily invalidate a conviction, the claims are not necessarily subject to the bar of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Compare Montgomery v. De Simone*, 159 F.3d 120, 126 n. 5 (3d Cir. 1998) ("claims for false arrest and false imprisonment are not the type of claims contemplated by the court in *Heck* which necessarily implicate the validity of a conviction or sentence.") *with Gibson v. Superintendent*, 411 F.3d 427, 451-52 (3d Cir. 2005) (finding *Heck* rule applies because only evidence supporting conviction was found pursuant to constitutional violation that was subject of plaintiff's § 1983 claim).

Montague had not yet been convicted at the time he filed his complaint. In addition, the complaint alleges that he was charged with assault, but the plea agreement provided by him makes no mention of the assault charge. His false arrest claims are not barred by *Heck*. The court liberally construes the allegations, and finds that Montague appears to have raised cognizable unlawful arrest claims against remaining defendants Sherwood and Gott.

## IV. CONCLUSION

For the above reasons, Montague may proceed with the wrongful arrest claims against the remaining defendants.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Dec 29, 2015
Wilmington, Delaware